ELECTRONICALLY FILED - 2021 Feb 19 4:40 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100384

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | CIVIL ACTION NO: 2021-CP-21- |
| Rebecca P. Gaskins, as Personal Representative of the Estate of Rufus Walt Gaskins, <br><br> PLAINTIFF, <br><br> vs. <br><br> Strates Shows, Inc. and William L. Messamore, <br><br> DEFENDANTS. | **SUMMONS** <br><br> Jury Trial Requested |

**TO THE DEFENDANTS HEREIN NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscribers at their offices at 17 East Calhoun Street, Sumter, South Carolina, within thirty (30) days of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

**BRYAN LAW FIRM OF SC, L.L.P.**

By: s:/ J. Thomas McElveen, III
J. Thomas McElveen, III
John R. Moorman
Attorneys for the Plaintiff
17 East Calhoun St.
P.O. Box 2038
Sumter, SC 29151
(803) 775-1263
tmcelveen@bryanlaw.com
jmoorman@bryanlaw.com

Sumter, South Carolina
February 19, 2021

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF FLORENCE | CIVIL ACTION NO: 2021-CP-21- |
| Rebecca P. Gaskins, as Personal Representative of the Estate of Rufus Walt Gaskins,<br><br>PLAINTIFF,<br><br>vs.<br><br>Strates Shows, Inc. and William L. Messamore,<br><br>DEFENDANTS. | COMPLAINT<br><br>Jury Trial Requested |

ELECTRONICALLY FILED - 2021 Feb 19 4:40 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100384

Plaintiff Rebecca P. Gaskins, as Personal Representative of the Estate of Rufus Walt Gaskins, complaining of the Defendants herein, would respectfully show unto this Honorable Court as follows:

## PARTIES

1.  Plaintiff Rebecca P. Gaskins is a citizen and resident of the County of Florence, State of South Carolina, and is the duly appointed Personal Representative of the Estate of Rufus Walt Gaskins, deceased. She brings this action pursuant to S.C. Code of Laws §15-51-10, et seq. on behalf of the Estate of Rufus Walt Gaskins, deceased, who was killed in the manner alleged below on or about July 28, 2020 and is survived by his wife (Plaintiff) and three children. Plaintiff brings this action on behalf of the Estate of Rufus Walt Gaskins for damages recoverable pursuant to S.C. Code of Laws §15-5-90 and for damages recoverable by the statutory beneficiaries of Rufus Walt Gaskins.

2.  The Plaintiff is informed and believes that Defendant Strates Shows, Inc. (hereinafter "Strates Shows") is a corporation organized and existing by virtue of the laws of a

1

state other than South Carolina, with its principal place of business in the State of Florida. The Plaintiff is further informed and believes that Defendant Strates Shows operates a carnival business that uses rail cars as well as a commercial trucking fleet in portions of the United States, including the State of South Carolina, and is licensed and operates as a commercial motor carrier under the rules and regulations of the United States Department of Transportation, Office of Motor Carriers. Furthermore, Defendant Strates Shows operates as a licensed motor carrier over and upon the highways and roadways of the State of South Carolina, deriving substantial revenue therefrom.

3. The Plaintiff is informed and believes that Defendant William L. Messamore (hereinafter "Messamore") is a resident and citizen of the State of Florida. Plaintiff is further informed and believes that at all times relevant hereto, an agency relationship existed between Defendant Strates Shows and Defendant Messamore, as Defendant Messamore was at all times relevant hereto acting within the course and scope of his employment and/or agency with Defendant Strates Shows.

4. Defendants were individually, jointly, and in combination, at the times and places alleged herein, negligent, grossly negligent, willful, wanton, reckless, and careless with regard to the Plaintiff's decedent.

## FACTS

5. The allegations stated in Paragraphs 1 – 4 above are repeated and realleged as if fully set forth verbatim herein.

6. On July 28, 2020, at approximately 4:30 p.m., the Plaintiff's decedent Rufus Walt Gaskins was driving his 2019 John Deere tractor in a lawful manner while exercising due care and caution, and was traveling westbound on U.S. Highway 378 near Pamplico in Florence County, South Carolina

7. While acting within the course and scope of his employment and/or agency with Defendant Strates Shows, Defendant Messamore was also driving westbound on U.S. Highway

ELECTRONICALLY FILED - 2021 Feb 19 4:40 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100384

2

378 in a commercial motor vehicle truck tractor owned by Defendant Strates Shows, and was pulling two (2) trailers owned by Defendant Strates Shows. Defendant Messamore was driving Defendant Strates Shows' truck tractor and trailers behind the Plaintiff's decedent Rufus Walt Gaskins' John Deere tractor at a high rate of speed and with defective, deficient, malfunctioning, and dangerous brakes when, suddenly and without warning, Defendant Messamore crashed the Defendants' truck tractor into the rear of the Plaintiff's decedent's John Deere tractor.

8. Rufus Walt Gaskins was ejected from his John Deere tractor, thrown onto the shoulder of U.S. Highway 378, and was killed as a result of blunt force trauma inflicted upon his body by the severe and violent nature of the collision caused by the Defendants.

## FOR A FIRST CAUSE OF ACTION
(Negligence, Recklessness, and Gross Negligence -Wrongful Death)

9. The allegations stated in Paragraphs 1 – 8 above are repeated and realleged as if fully set forth verbatim herein.

10. The Plaintiff is informed and believes that Defendant Messamore, at all times relevant hereto acting within the course and scope of his employment with Defendant Strates Shows, was negligent, willful, wanton, reckless, careless, and grossly negligent at the time and place hereinabove mentioned, in the following particulars:

   (a) In failing to maintain a proper lookout for other vehicles on the highway;

   (b) In failing to keep the Defendants' truck tractor and trailers under proper control;

   (c) In driving in excess of the speed limit;

   (d) In following too closely;

   (e) In running into the vehicle of the Plaintiff's decedent, Rufus Walt Gaskins, with great force and impact;

   (f) In operating the vehicle at a speed too great for the circumstances then and there existing, without having due regard for the condition of the roadway, the traffic, and/or the weather;

3

ELECTRONICALLY FILED - 2021 Feb 19 4:40 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100384

(g)    In driving while being distracted by telecommunications, music, conversations, and/or other things going on within the Defendants' vehicle;

(h)    In failing to take evasive action so as to avoid this collision;

(i)    In operating a commercial motor vehicle truck tractor and trailers which are unsafe and/or improperly equipped;

(j)    In failing to keep the Defendants' truck tractor and trailers in good working order and in safe mechanical condition;

(k)    In failing to exhibit proper care and attention in operating Defendant Strates Shows' commercial motor vehicle truck tractor and trailers;

(l)    In operating the Defendants' truck tractor and trailers in a negligent, reckless, and grossly negligent manner;

(m)    In operating a truck tractor and trailers with defective, deficient, malfunctioning, and dangerous brakes;

(n)    In endangering the motoring public;

(o)    In failing to have the required knowledge and skill regarding the objectives and proper procedures for performing vehicle safety inspections, including the importance of periodic inspection and repair to vehicle safety, the effect of undiscovered malfunctions upon safety; and what safety-related parts to look for when inspecting vehicles;

(p)    In failing to have the required knowledge and skill regarding pre-trip inspection for the vehicle class he operates;

(q)    In failing to properly perform a pre-trip inspection of the Defendants' truck tractor and trailers involved in this wreck;

(r)    In operating a commercial motor vehicle when the condition of the vehicle rendered it a defective, deficient, and dangerous hazard, including operating a vehicle without proper brakes, brake adjustments, brake lines, hoses, and couplings;

(s)    In undertaking the profession of truck driver without mastering appropriate skills necessary to safely operate and maneuver a truck tractor and trailers;

- (t) In failing to use the degree of care and caution as would have been exercised by a reasonably prudent driver of a commercial motor vehicle truck tractor and trailers under the circumstances then and there prevailing; and

- (u) For such other acts and omissions that may become more apparent through the discovery of this matter and/or in such other particulars as the evidence at trial may demonstrate;

All of which negligence, willfulness, wantonness, recklessness, carelessness, and gross negligence is attributable to Defendant Strates Shows, by virtue of the doctrine of *respondeat superior*.

11. The Plaintiff is further informed and believes that Defendant Strates Shows was negligent, willful, wanton, reckless, careless, and grossly negligent in the following additional particulars:

- (a) In failing to hire drivers, specifically Defendant Messamore, with the requisite skills necessary to properly inspect, control, and maneuver a commercial motor vehicle truck tractor and trailers without endangering other motorists rightfully on the roadway;

- (b) In failing to train Defendant Messamore in the skills necessary to control and maneuver a commercial motor vehicle truck tractor and trailers without endangering other motorists rightfully on the roadway or, if such training was provided, in failing to ensure that Defendant Messamore had mastered and practiced what he was taught;

- (c) In failing to confirm that Defendant Messamore had the knowledge and skills necessary to control and maneuver a truck tractor and trailers safely prior to dispatching him;

- (d) In failing to adequately educate and train drivers, specifically Defendant Messamore, regarding proper pre-trip inspections;

- (e) In failing to adequately educate and train drivers, specifically Defendant Messamore, regarding proper safety procedures;

- (f) In retaining drivers, specifically Defendant Messamore, who do not follow proper safety procedures;

- (g) In failing to design, develop, and implement adequate safety management controls related to speed management, space management, seeing ahead, total stopping distance, pre-trip inspections, vehicle inspections, seeing hazards, and emergency maneuvers and vehicle maintenance;

- (h) In failing to budget an appropriate amount of money to design, develop, and

ELECTRONICALLY FILED - 2021 Feb 19 4:40 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100384

implement safety management controls in the areas of speed management, space management, seeing ahead, total stopping distance, pre-trip inspections, vehicle inspections, seeing hazards, and emergency maneuvers and vehicle maintenance;

(i) In failing to train Defendant Messamore regarding speed management, space management, seeing ahead, total stopping distance, pre-trip inspections, vehicle inspections, seeing hazards, and emergency maneuvers and vehicle maintenance;

(j) In failing to properly monitor and supervise the driving habits of Defendant Messamore;

(k) In supervision of its business operations by failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically Defendant Messamore;

(l) In failing to supervise its drivers, employees, and/or agents, specifically Defendant Messamore;

(m) In failing to instruct its drivers, employees, and/or agents, specifically Defendant Messamore;

(n) In entrusting the truck tractor and trailers to its drivers, employees, and/or agents, specifically Defendant Messamore;

(o) In failing to comply with federal and/or state regulations and industry standards, as referenced in this Complaint and as developed during the discovery of this case;

(p) In failing to have adequate safety management controls in place to ensure compliance with the required safety fitness standard;

(q) In failing to have in place an adequate safety program for the safety and protection of the motoring public;

(r) In operating a vehicle with defective, deficient, malfunctioning, and dangerous brakes and brake systems;

(s) In failing to properly maintain its equipment, including the truck tractor and trailers involved in this wreck; and

(t) For such other acts and omissions that may become more apparent through the discovery of this matter and/or in such other particulars as the evidence at trial may demonstrate.

12. As a direct, foreseeable, and proximate result of the negligence, recklessness, willfulness, wantonness, and gross negligence by the Defendants, Plaintiff's decedent Rufus Walt

6

Gaskins suffered severe, debilitating injuries which resulted in his death, by virtue of which Plaintiff's decedent's statutory beneficiaries have lost the aid, comfort, support, care, companionship, and society of the Plaintiff's decedent, and have suffered severe and extreme emotional distress, anxiety, grief and sorrow, the likes of which no person should endure, for which the Plaintiff is entitled to recover on behalf of the statutory beneficiaries, actual and punitive damages pursuant to South Carolina Code of Laws §15-51-10, et seq., in an amount to be determined by the jury at the trial of this action.

### FOR A SECOND CAUSE OF ACTION
(Negligence, Recklessness, and Gross Negligence - Survival Action)

13. The allegations stated in Paragraphs 1 – 12 above are repeated and realleged as if fully set forth verbatim herein.

14. The Estate of the Plaintiff's decedent, as a direct, foreseeable, and proximate result of the negligence, carelessness, gross negligence, willfulness, wantonness, and recklessness of the Defendants, has incurred damages in the form of expenses including but not limited to funeral and burial expenses. The Plaintiff is further informed and does believe that as a direct, foreseeable, and proximate result of the negligence, carelessness, gross negligence, willfulness, wantonness, and recklessness of the Defendants, as stated, the Plaintiff's decedent suffered fear, severe physical pain and suffering, mental and emotional distress, and anguish in the time before his death, for which the Estate of the Plaintiff's decedent is entitled to recover actual and punitive damages pursuant to South Carolina Code of Laws § 15-5-90, et. seq., in an amount to be determined by a jury at the trial of this action.

WHEREFORE, Plaintiff Rebecca P. Gaskins, as the Personal Representative of the Estate of Rufus Walt Gaskins, respectfully prays for judgment against the Defendants, jointly and severally, for actual damages as may be proven at trial together with punitive damages in an amount(s) to be determined by the jury at the trial of this action, for the reasonable costs and

ELECTRONICALLY FILED - 2021 Feb 19 4:40 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100384

ELECTRONICALLY FILED - 2021 Feb 19 4:40 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100384

disbursements of this action, and for such other and further relief as this Court may deem just and proper.

**BRYAN LAW FIRM OF SC, L.L.P.**

By: S:/ J. Thomas McElveen, III
J. Thomas McElveen, III
John R. Moorman
Attorneys for the Plaintiff
17 East Calhoun Street
P. O. Box 2038
Sumter, SC 29151
(803) 775-1263
tmcelveen@bryanlaw.com
jmoorman@bryanlaw.com

Sumter, South Carolina
February 19, 2021

**Jury Trial Requested.**

**BRYAN LAW FIRM OF SC, L.L.P.**

By: S:/ J. Thomas McElveen, III
J. Thomas McElveen, III
John R. Moorman
Attorneys for the Plaintiff

8

ELECTRONICALLY FILED - 2021 Feb 23 5:27 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100384

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | CIVIL ACTION NO: 2021-CP-21-0384 |

Rebecca P. Gaskins, as Personal Representative of the Estate of Rufus Walt Gaskins,

    PLAINTIFF,

vs.

Strates Shows, Inc. and William L. Messamore,

    DEFENDANTS.

**ACCEPTANCE OF SERVICE**

I, Carmelo B. Sammataro, Esquire, am authorized to accept service of the Complaint on behalf of William L. Messamore in the above-captioned matter. Service is hereby accepted on behalf of Defendant William L. Messamore on this 23rd day of February, 2021, at Turner, Padget, Graham, & Laney, PA, 1901 Main Street, 17th Floor, Columbia, SC 29201.

Date: Feb. 23, 2021

By: _____
Carmelo B. Sammataro, Esquire
Attorney for Defendant Strates Shows, Inc.
Turner, Padget, Graham, & Laney, PA
1901 Main Street, 17th Floor
Columbia, South Carolina 29201

ELECTRONICALLY FILED - 2021 Feb 23 5:27 PM - FLORENCE - COMMON PLEAS - CASE#2021CP2100384

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE | CIVIL ACTION NO: 2021-CP-21-0384 |

| | |
|---|---|
| Rebecca P. Gaskins, as Personal Representative of the Estate of Rufus Walt Gaskins, | |
| PLAINTIFF, | ACCEPTANCE OF SERVICE |
| vs. | |
| Strates Shows, Inc. and William L. Messamore, | |
| DEFENDANTS. | |

I, Carmelo B. Sammataro, Esquire, am authorized to accept service of the Complaint on behalf of Strates Shows, Inc. in the above-captioned matter. Service is hereby accepted on behalf of Defendant Strates Shows, Inc. on this 23rd day of February, 2021, at Turner, Padget, Graham, & Laney, PA, 1901 Main Street, 17th Floor, Columbia, SC 29201.

Date: Feb. 23, 2021

By: _____
Carmelo B. Sammataro, Esquire
Attorney for Defendant Strates Shows, Inc.
Turner, Padget, Graham, & Laney, PA
1901 Main Street, 17th Floor
Columbia, South Carolina 29201